IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSE INESSA-ETHINGTON, A.K.A. ERI ETHINGTON, ERIC PAUL ETHINGTON; BLUE INESSA-ETHINGTON, A.K.A. CARLY ANN CROSBY; NICHOLE LYNN JARDINE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS<br><br>Case No. 1:26-cr-00023-JNP<br><br>Chief District Judge Jill N. Parrish |

Before this court is defendant Nichole Lynn Jardine's motion for a bill of particulars. Dkt. No. 68. For the following reasons, the motion is DENIED.

## BACKGROUND

On May 13, 2026, defendant Jardine was indicted for a single count of International Parental Kidnapping in violation of 18 U.S.C. § 1204 and 18 U.S.C. § 2. Dkt. No. 9. On July 28, 2026, Jardine moved for a bill of particulars under Federal Rule of Criminal Procedure 7(f). Dkt. No. 68. The United States responded on September 4, 2026, requesting that this court deny Jardine's motion. Dkt. No. 77.

## LEGAL STANDARD

The Federal Rules of Criminal Procedure provide that "[t]he court may direct the government to file a bill of particulars." FED. R. CRIM. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to

prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

Although an indictment may be legally sufficient insofar as it adequately states the offense charged, the indictment may nonetheless fail to enable the defendant to prepare her defense. *See King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968) (explaining that an indictment may be sufficient on its face yet insufficient to enable the defendant to avoid prejudicial surprise). A bill of particulars may not be used as a discovery device: "A bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). Instead, the bill of particulars serves to "amplify the indictment by providing additional information." *Dunn*, 841 F.2d at 1029.

The grant or denial of a bill of particulars is within the discretion of the district court. *United States v. Hedges*, 458 F.2d 188, 191 (10th Cir. 1972).

**ANALYSIS**

In her motion, Jardine requests a bill of particulars providing: (a) the specific dates Jardine allegedly aided and abetted others, (b) a description of Jardine's conduct and the affirmative acts the government alleges Jardine took in furtherance of the crime, (c) the principal actors in the crime, (d) the parental rights Jardine allegedly possessed or obstructed, (e) the government's theory of how Jardine's conduct satisfies the elements of aiding-and-abetting liability, and (f) the government theory of Jardine's *mens rea*. Dkt. No. 68, at 5.

The United States requests that this court deny Jardine's motion, though its response provides a discovery log and a detailed response to each of Jardine's requests. Indeed, the

government's response addresses Jardine's questions across six detailed pages. The government's detailed response amounts to a bill of particulars in itself because it includes sufficient detail to inform Jardine of the charges against her such that she will not be surprised at trial.[1] Although it would have been preferable for the United States to explain these charges to Jardine prior to this motion, its response to the motion contains sufficient information to render a bill of particulars unnecessary.

**CONCLUSION AND ORDER**

For the reasons above, the court DENIES defendant's motion for a bill of particulars. Dkt. No. 68.

DATED November 18, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Court Judge
District of Utah

[1] This is not to say that the court agrees with the entirety of the government's response. Although the court agrees that the indictment and subsequent discovery are sufficient to inform Jardine of the principal actors in the alleged crime, it does not reach this conclusion based on the United States's suggestion that "Jardine has an intimate knowledge of who the principal actors are and each role they played in committing the alleged offense." Dkt. No. 77, at 9.

A criminal defendant must be *informed* of what the government will claim she did; "it is no answer to a denial of a bill of particulars to say that a defendant knew what [s]he did." *King*, 402 F.2d at 292.